OPINION
On appeal appellant sets forth the following two assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE:
 "THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR WITHDRAWAL OF PLEA OF GUILTY BEFORE SENTENCING.
"ASSIGNMENT OF ERROR NUMBER TWO:
 "BY CLEAR AND CONVINCING EVIDENCE, THE DEFENDANT SHOULD NOT BE CLASIFIED [SIC] AS A SEXUAL PREDATOR PURSUANT TO O.R.C. SECTION 2950.09(B)."
The facts which are relevant to the issues raised on appeal are as follows. On May 13, 1996, appellant was indicted on two counts of rape, for allegedly raping his eight year old granddaughter (case no. CR96-5844). On May 16, 1996, appellant was arraigned and received a court-appointed attorney, after which he was taken to prison pursuant to a sentence imposed for an unrelated forgery conviction. In February 1997, appellant was brought back to Lucas County, and a trial in case no. CR96-5844 was scheduled for April 28, 1997.
On the scheduled trial date, appellant appeared in court and agreed to enter a plea pursuant to North Carolina v. Alford
(1970), 400 U.S. 25. Pursuant to the plea agreement, the indictment was changed to an information in which appellant was charged with one count of sexual battery (case no. CR97-1822). On that same day, a hearing was held at which appellant indicated to the trial court that he had no mental or emotional problems, he was not under the influence of drugs or alcohol, and he understood all of the ramifications of entering a guilty plea. The trial court then advised appellant as to the charges against him and the maximum limits of possible sentencing for sexual battery, and stated that appellant's sentence could be imposed consecutively or concurrently with the sentence he was currently serving for forgery. The trial court then advised appellant as to his right to be indicted by a grand jury, and explained the nature of his Alford plea. Finally, the court advised appellant as to his constitutional rights, including his right to a jury trial, to subpoena witnesses on his behalf, to be presumed innocent until proven guilty and to refuse to testify at trial, and explained to appellant that his right to appeal the conviction to a higher court would be "cut down substantially" by entering a plea.
During appellant's verbal exchange with the trial court, appellant asked the court if his sentence could be made concurrent with the one he was already serving. The trial court then explained that the sentence could be concurrent or consecutive with his current sentence, and appellant indicated that he understood, and stated he did not wish to change his plea. The trial court then accepted appellant's guilty plea. A sentencing hearing was scheduled for May 12, 1997, and a pre-sentence investigation and report was ordered.
On May 12, 1997, appellant's trial attorney, Adrian Cimerman, asked the trial court for a continuance of the sentencing hearing to allow appellant time to file a motion to withdraw his guilty plea. Cimerman also asked for leave to withdraw as appellant's counsel. On June 4, 1997, appellant's new court-appointed attorney, Mohamed Shousher, filed a motion to withdraw appellant's guilty plea, and a memorandum in support thereof, in which he stated that appellant wished to withdraw his plea because "he was improperly advised by prior counsel and * * * he did not fully understand the nature of the charge, the consequences of a plea, or his rights in the proceedings." Attached to the motion was appellant's affidavit, in which he stated that he "was unable to read the plea form because he did not have his reading glasses in his possession."
On July 3, 1997, a hearing was held on the motion to withdraw appellant's plea, at which a transcript of the plea hearing was entered into evidence and testimony was presented by attorney Cimerman. Cimerman testified at the hearing as to his extensive experience as a criminal trial attorney. He also testified that he had discussed the plea and its consequences with appellant the day of trial, in court, and stated that he believed appellant understood he was pleading guilty to a lesser charge so that the greater offenses would be dismissed. Cimerman stated that appellant "sometimes" wears glasses; however, he was not aware that appellant needed to wear his glasses to communi cate effectively with his attorney. He further stated that he read the plea form along with appellant, as he does in every such case, and appellant clearly understood that, as result of the plea, his sentence could be made either concurrent or consecutive to the sentence he was currently serving for forgery.
At the close of Cimerman's testimony, the trial court denied appellant's motion to withdraw his guilty plea, and the case was continued for sentencing. On July 24, 1997, a sentencing hearing was held, at which the trial court ordered appellant committed to the Ohio Department Rehabilitation and Corrections for a term of two years, to be served consecutively to his sentence for forgery. A nolle prosequi was entered as to the original rape charges.
A hearing was then held pursuant to R.C. 2950.09, at which the trial court found that appellant is a "sexual predator." After reviewing the presentence report and hearing oral statements made by counsel, the trial court stated that:
 "The nature of the offense committed and the circumstances surrounding convinces the Court that the behavior exhibited leads the Court to conclude that there is substantial evi dence to suggest the predatory nature of the defendant's conduct."
On August 22, 1997, appellant filed a timely notice of appeal.
Appellant asserts in his first assignment of error that the trial court erred by denying his motion to withdraw his guilty plea before sentencing. In support thereof, appellant argues that appellant made his motion "within a reasonable time" and "prior to imposition of sentence," and appellant stated in support of his motion that he did not fully understand the charge against him or the consequences of his plea because, without his glasses, he was "unable to read the information form or the plea form." Appellant admits that he was given "a full Crim.R. 11 hearing" at the time his plea was entered.
Withdrawal of a guilty plea is governed by Crim.R. 32.1 which states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judg ment of conviction and permit the defendant to withdraw his plea."
The general rule in Ohio is that a motion to withdraw a guilty plea before sentencing is to be freely allowed. State v.Peterseim (1980), 68 Ohio App.2d 211, at paragraph one of the syllabus. However, there is no absolute right to withdraw a plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 527. The trial court's decision to grant or deny such a motion will not be overturned on appeal absent an abuse of discretion. Id., at 526-527. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
In this case, the trial court held a hearing on appellant's motion pursuant to Crim.R. 11(C), at which evidence was presented as to the circumstances surrounding the entering of the plea. After carefully considering appellant's assertion that he did not understand the nature of his plea in light of those circumstances, the trial court concluded that:
 "the naked apparent assertion is contained solely in an affidavit which [the defendant] just said I didn't know what was going on, and yet and still everything else that is before the Court including examination of Counsel for the Defendant, and to — for the court to just sit by under all of this wealth of information, * * * the Court finds that the Defendant's motion is not well taken, and it's overruled. And I think that the Court must take a firm posture in regards to a matter of this clarity. Otherwise, it is almost a fraud on the Court. * * *"
This court has reviewed the entire record of proceedings which was before the trial court and, upon consideration thereof and the law, finds that the trial court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea before sentencing. Accordingly, appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court erred by finding that he was a "sexual predator" pursuant to R.C. 2950.09(B). In support thereof, appellant argues that "the Court has failed to meet its burden by clear and convincing evidence that the Defendant is a sexual predator."
Appellant's sexual predator determination was made pursuant to R.C. 2950.09(B), which outlines classification procedures for offenders who are to be sentenced after the effective date of the statute, regardless of when the sexually oriented offense was committed. Pursuant to R.C. 2950.09(B)(2), the trial court may find that a person who commits a sexually oriented offense is a sexual predator after considering all the relevant factors at a hearing, including, but not limited to:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
A determination as to whether an offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(B)(3). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In this case, the record reflects that the trial court based its determination on a review of appellant's criminal history, the presentence report, and the statutory guidelines set forth in R.C. 2950.09(B). Specifically, the trial court noted appellant's history of ten adult felonies and thirteen adult misdemeanors, and the fact that in this case the victim was his eight year old granddaughter. The prosecutor also stated to the trial court that appellant threatened his granddaughter to keep her from reporting his conduct to her parents.
Upon consideration of the foregoing, we find that the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence and appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.